



UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

v.

CASE NO. 5:20-cr-59-Oc-28PRL
21 U.S.C. § 841(a)(1)
21 U.S.C. § 846
18 U.S.C. § 1512(k)
18 U.S.C. § 1512(a)(1)(C)

DAVID CHAPPELL FEY
SHARI LYNN GUNTER

**SUPERSEDING INDICTMENT**

The Grand Jury charges:

**COUNT ONE**

On or about January 19, 2016, in the Middle District of Florida, the defendants,

**DAVID CHAPELL FEY,**
and
**SHARI LYNN GUNTER,**

did knowingly and intentionally distribute a controlled substance, which violation involved a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

In violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2.

**COUNT TWO**

On or about April 5, 2016, in the Middle District of Florida, the defendants,

**DAVID CHAPELL FEY,**
and
**SHARI LYNN GUNTER,**

did knowingly and willfully conspire with each other and other persons, both known and unknown to the Grand Jury, to unlawfully, deliberately, maliciously, and with premeditation and malice aforethought, kill K.B., with the intent to prevent the communication by K.B. to a law enforcement officer and judge of the United States of information relating to the commission and possible commission of a Federal offense, to wit: conspiracy to distribute and distribution of methamphetamine.

In violation of 18 U.S.C. §§ 1512(k), (a)(1)(C), (a)(3)(A), and 1111.

**COUNT THREE**

On or about April 5, 2016, in the Middle District of Florida, the defendants,

**DAVID CHAPELL FEY,**
and
**SHARI LYNN GUNTER,**

aided and abetted by others, known and unknown to the Grand Jury, did unlawfully, deliberately, maliciously, and with premeditation and malice

aforethought, kill K.B., with the intent to prevent the communication by K.B. to a law enforcement officer and judge of the United States of information relating to the commission and possible commission of a Federal offense, to wit: conspiracy to distribute and distribution of methamphetamine.

In violation of 18 U.S.C. §§ 1512(a)(1)(C), (a)(3)(A), 1111, and 2.

**COUNT FOUR**

On or about April 5, 2016, in the Middle District of Florida, the defendants,

**DAVID CHAPELL FEY**,
and
**SHARI LYNN GUNTER**,

did knowingly and willfully conspire with each other and other persons, both known and unknown to the Grand Jury, to distribute a controlled substance. The violation involved a mixture and substance containing a detectable amount of fentanyl and methamphetamine, both Schedule II controlled substances, and K.B.'s death resulted from the use of fentanyl and methamphetamine that the defendants distributed.

In violation of 21 U.S.C. §§ 846 and 841(b)(1)(C).

**COUNT FIVE**

On or about May 7, 2019, in the Middle District of Florida, the defendant,

**DAVID CHAPELL FEY,**

did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which violation involved a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

In violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).

**COUNT SIX**

On or about May 10, 2019, in the Middle District of Florida, the defendant,

**DAVID CHAPELL FEY,**

did knowingly and intentionally distribute and possess with intent to distribute a controlled substance. The violation involved 5 grams or more of methamphetamine, a Schedule II controlled substance.

In violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B).

**COUNT SEVEN**

On or about May 31, 2019, in the Middle District of Florida, the defendant,

**DAVID CHAPELL FEY,**

did knowingly and intentionally distribute and possess with intent to distribute a controlled substance. The violation involved 5 grams or more of methamphetamine, a Schedule II controlled substance.

In violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B).

**COUNT EIGHT**

On or about May 31, 2019, in the Middle District of Florida, the defendant,

**DAVID CHAPELL FEY,**

did knowingly and intentionally distribute and possess with intent to distribute a controlled substance. The violation involved 50 grams or more of methamphetamine, a Schedule II controlled substance.

In violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A).

**COUNT NINE**

On or about October 1, 2019, in the Middle District of Florida, the defendant,

**DAVID CHAPELL FEY,**

did knowingly and intentionally distribute and possess with intent to distribute a controlled substance. The violation involved 50 grams or more of methamphetamine, a Schedule II controlled substance.

In violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A).

**COUNT TEN**

On or about October 2, 2019, in the Middle District of Florida, the defendant,

**DAVID CHAPELL FEY,**

did knowingly and intentionally distribute and possess with intent to distribute a controlled substance. The violation involved 50 grams or more of methamphetamine, a Schedule II controlled substance.

In violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A).

**COUNT ELEVEN**

On or about October 17, 2019, in the Middle District of Florida, the defendant,

**DAVID CHAPELL FEY,**

did knowingly and intentionally distribute and possess with intent to distribute a controlled substance. The violation involved 50 grams or more of methamphetamine, a Schedule II controlled substance.

In violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A).

**PREVIOUS CRIMINAL CONVICTIONS**

1. For the purposes of this section, the allegations contained in Counts One, Four, and Five are incorporated by reference.

2. Before Defendant DAVID CHAPPELL FEY committed the offenses charged in Counts One, Four, and Five, he was previously convicted of drug possession crimes that constitute felony drug offenses.

3. Before Defendant SHARI LYNN GUNTER committed the offenses charged in Counts One and Four, she was convicted of drug possession crimes that constitute felony drug offenses.

**FORFEITURE**

1. The allegations contained in Counts One through Eleven are incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 21 U.S.C. § 853, 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2. Upon conviction of a violation of 21 U.S.C. §§ 841(a)(1) or 846, the defendants shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a)(1) and (2), any property constituting, or derived from, any proceeds the defendants obtained, directly or indirectly, as a result of such violation, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

3. Upon a conviction of 18 U.S.C. § 1512, the defendants shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

4. If any of the property described above, as a result of any acts or omissions of the defendants :

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property, which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), directly as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

Foreperson

MARIA CHAPA LOPEZ
United States Attorney

By:
Michael P. Felicetta
Assistant United States Attorney

By:
Tyrie K. Boyer
Assistant United States Attorney

By:
Robert E. Bodnar, Jr.
Assistant United States Attorney
Chief, Ocala Division

FORM OBD-34
January 21

No. 20-1-45

**UNITED STATES DISTRICT COURT**
Middle District of Florida
Ocala Division

THE UNITED STATES OF AMERICA

vs.

DAVID CHAPPELL FEY and SHARI LYNN GUNTER

**SUPERSEDING INDICTMENT**

Violations: 21 U.S.C. §§ 841(a)(1), 846, and 18 U.S.C. §§ 1512(k), 1512(a)(1)(C)

A true bill,

______________________________
Foreperson

Filed in open court this ~~6th~~ 7th day

of January, 2021.

______________________________
Clerk

Bail $______________________

GPO 863 525