```
1                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
2                      OCALA DIVISION

3             Case No.:  5:20-cr-00059-JA-PRL

4


5    UNITED STATES OF AMERICA,

6
              Plaintiff,             Ocala, Florida
7                                    July 9, 2021
              v.                     9:03 a.m. - 10:02 a.m.
8
     DAVID CHAPPELL FEY,
9    SHARI LYNN GUNTER,

10

              Defendants.
11   _____/

12


13        TRANSCRIPT OF EXCERPT OF MOTIONS HEARING
          BEFORE THE HONORABLE JOHN ANTOON, II
14              UNITED STATES DISTRICT JUDGE

15


16   APPEARANCES:

17
     Counsel for the Government:
18
              Michael Felicetta
19            Tyrie K. Boyer
              United States Attorney's Office
20            35 SE 1st Avenue
              Suite 300
21            Ocala, Florida 34471

22

     Counsel for Defendant David Chapell Fey:
23
              Joseph R. Johnson
24            Law Office of Joseph R. Johnson
              Post Office Box 798
25            Ocoee, Florida 34761
```

1     **APPEARANCES:** (continued)

2     **Counsel for Defendant Shari Lynn Gunter:**

3         Daniel Mario Hernandez
        Law Office of Daniel M. Hernandez

4         902 North Armenia Avenue
        Tampa, Florida 33609

5

6

7     **Court Reporter:**     Nikki L. Peters, RPR, CRR, CRC
                       Federal Official Court Reporter

8                        401 West Central Boulevard
                       Suite 4600

9                        Orlando, Florida 32801
                       courttranscripts@outlook.com

10

11

    Proceedings recorded by mechanical stenography.

12     Transcript produced by Computer-Aided Transcription.

13                        **INDEX OF PROCEEDINGS**

14                                            **PAGE**

15

16     Certificate of Reporter                        6

17

18

19

20

21

22

23

24

25

```
1                              * * *
2          THE COURT:  Is there anything else I can do for you?
3          MR. JOHNSON:  Yes, sir.  As the Court, I'm sure, may
4    be aware -- and I've discussed this with Mr. Felicetta -- we've
5    had -- the defense has been trying to obtain the pharmacy
6    records from Walmart.
7          THE COURT:  I referred that to Judge Lammens, and
8    he'll be back on Monday.
9          MR. JOHNSON:  We have -- if I could at least propose
10   to the Court, we have -- and I have had some conversation with
11   the Walmart personnel who basically -- legal personnel who said
12   if the Court issued an order, or I guess as the Government
13   suggested, if we had a judicial subpoena, which I have
14   prepared, then they would turn over the pharmacy records of
15   Ms. Brown.
16             So I'm just trying to get them.  And that's one of
17   the concerns that I have -- well, I -- let me say this.  I'm
18   all for going forward with trial in August, but I do have a
19   concern as to whether I'm going to get these records and when
20   I'm going to get them.
21             So I would ask the Court to consider either issuing
22   an order that can be put in the record or -- and/or sign a
23   judicial subpoena returnable to yourself, Your Honor, regarding
24   the pharmacy records of Ms. Fey [sic] and also, I guess, the
25   medical records of Ms. Brown from Dr. Robert Maiello.
```

|   |   |
|---|---|
| 1 | **MR. FELICETTA:** I spoke with Mr. Johnson.  We have no |
| 2 | opposition to the Court intervening.  I'm not sure why they |
| 3 | wouldn't return on a trial subpoena, but I suspect it's HIPAA |
| 4 | related. |
| 5 | **THE COURT:** Have you reviewed the documents that he's |
| 6 | proposing? |
| 7 | **MR. FELICETTA:** No, I have not. |
| 8 | **THE COURT:** Would you do that?  I'll give you a |
| 9 | minute to do that.  Let me know when you're ready. |
| 10 | (Recess from 10:57 a.m. to 11:02 a.m.) |
| 11 | **MR. JOHNSON:** Just to further elaborate, Your Honor, |
| 12 | Walmart wanted me to sign a certificate of assurances that I |
| 13 | would not share these records with anyone else, which exactly |
| 14 | would be the first thing I would do.  I would give a copy to |
| 15 | the U.S. Attorney's Office.  I would give a copy to |
| 16 | Dr. Anderson, our pathologist.  We obviously can't agree to not |
| 17 | share them with anybody else.  But that was basically what they |
| 18 | were complaining about, as far as the Government said, due to |
| 19 | Government regulations, that they could not turn them over to |
| 20 | me without me agreeing to a certificate of assurances that I'm |
| 21 | not going to share them, which I have to.  That's the point. |
| 22 | We want them. |
| 23 | But, obviously, I believe the judicial subpoena or a |
| 24 | court order would serve the purpose of getting them -- |
| 25 | **THE COURT:** What you've provided me here is a clerk's |

1   **MR. FELICETTA:** I spoke with Mr. Johnson.  We have no
2   opposition to the Court intervening.  I'm not sure why they
3   wouldn't return on a trial subpoena, but I suspect it's HIPAA
4   related.
5            **THE COURT:** Have you reviewed the documents that he's
6   proposing?
7            **MR. FELICETTA:** No, I have not.
8            **THE COURT:** Would you do that?  I'll give you a
9   minute to do that.  Let me know when you're ready.
10           (Recess from 10:57 a.m. to 11:02 a.m.)
11           **MR. JOHNSON:** Just to further elaborate, Your Honor,
12  Walmart wanted me to sign a certificate of assurances that I
13  would not share these records with anyone else, which exactly
14  would be the first thing I would do.  I would give a copy to
15  the U.S. Attorney's Office.  I would give a copy to
16  Dr. Anderson, our pathologist.  We obviously can't agree to not
17  share them with anybody else.  But that was basically what they
18  were complaining about, as far as the Government said, due to
19  Government regulations, that they could not turn them over to
20  me without me agreeing to a certificate of assurances that I'm
21  not going to share them, which I have to.  That's the point.
22  We want them.
23           But, obviously, I believe the judicial subpoena or a
24  court order would serve the purpose of getting them --
25           **THE COURT:** What you've provided me here is a clerk's

subpoena.

**MR. JOHNSON:** I -- I'm sorry. I may have pulled the wrong subpoena last night.

**THE COURT:** Let me do this. I'll make a transcript of this part of the -- I'll ask the court reporter to prepare a transcript pertaining to this issue, along with these proposals, and put -- and deliver them to Judge Lammens who will look at them first thing, I think, when he returns, which is Monday.

**MR. JOHNSON:** Okay.

**THE COURT:** I think it's better that way because if you're going to have problems -- probably not with the pharmacy, but with the doctor -- it sounds like he's been difficult -- I think it would be better if Judge Lammens take it all. Because he's here and able to do that more efficiently if you do have problems, and I would be long distance. And I'm going to be out soon. So I think it's better that he do it.

I assure you we'll make sure that our subpoenas are honored and you get what you need, whatever -- you know, what you're entitled to under the law, without delay. I don't want to delay this.

**MR. JOHNSON:** Okay.

**THE COURT:** I don't think -- by the time you got me the order that you want and all, it would be Monday anyway.

**MR. JOHNSON:** Okay.

1  **THE COURT:** So let's do it that way.

2  Anything else?

3  * * *

4  (End of requested excerpt.)

5  **C E R T I F I C A T E**

7  I certify that the foregoing is a correct transcript

8  from the record of proceedings in the above-entitled matter.

10 July 9, 2021

12    s\ Nikki L. Peters
Nikki L. Peters, RPR, CRR, CRC
13 Federal Official Court Reporter
United States District Court
14 Middle District of Florida